. KNOX v. KNOX.

1. In action by payee against maker of a sealed note, the complaint alleged that after the execution of this note, the payee was adjudged a lunatic; and her committee was made a party defendant. Plaintiff proved his note and closed. Defendants then, in support of the allegations of their answer, introduced the record of the proceedings adjudging the payee to be a lunatic, in which the finding was that she had been a lunatic for thirty years. *Held,* that evidence by plaintiff to prove the sanity of the payee at the date of the note was relevant in reply.

2. This court cannot declare error in the trial judge's refusal to charge, when the "Case" fails to show that he was ever requested so to charge

Before WITHERSPOON, J., Chester, March, 1888.

This was an action by Sarah R. Knox against Samuel Knox, Elizabeth Knox, and James S. Drennan, committee. The grounds of appeal were as follows :

1. Because his honor erred in admitting in reply testimony tending to show that the defendant, Elizabeth Knox, was competent to understand and transact business on or about March 5, 1884—the date of the contract sued on, when such testimony was not in reply and was also irrelevant—no such fact having been alleged in the complaint or put in issue in the pleadings.

2. Because his honor erred in refusing to charge the jury as requested by said defendants, "that Mrs. Elizabeth Knox having been adjudged to be of unsound mind in October, 1885, and to have been in that condition for thirty years prior to said finding, such judicial finding is presumptive evidence of her unsoundness for said thirty years, and is binding on the court in this action; no allegation of her competency having been made in the pleadings, and it is my duty to charge you that your verdict

must be for the defendants, Elizabeth Knox, a lunatic, and James S. Drennan, her committee."

3. Because his honor erred in charging the jury that it was for them to determine whether or not Elizabeth Knox was competent to make a legal and binding contract on March 5, 1884, and whether or not she had such mental capacity as to understand the nature of the contract which it is alleged she entered into that day.

*Mr. A. G. Brice,* for appellant.

*Mr. W. A. Sanders,* contra.

March 18, 1889.    The opinion of the court was delivered by

MR. JUSTICE McIVER.    This was an action on a note under seal, executed by the defendants Samuel Knox and Elizabeth Knox, on March 5, 1884, and payable to the plaintiff.  Amongst other allegations in the complaint, it was alleged that after the making of said note, to wit, on October 7, 1885, the said Elizabeth was adjudged "a lunatic and incompetent to transact her own business," and the defendant, Drennan, was then duly appointed committee of the person and estate of said Elizabeth Knox. The defendant, Samuel Knox, put in no answer, but in the answers of the other two defendants it was, amongst other things, alleged that, by the inquisition of lunacy referred to in the complaint, the said Elizabeth was, "on or about the 7th day of October, 1885, adjudged to be *non compos mentis,* and to have been so for thirty years prior to said finding."

At the trial, the plaintiff, besides other testimony not pertinent to the questions raised by this appeal, offered evidence tending to show that the note was executed by the defendants, Samuel and Elizabeth, and that it was given for borrowed money, and closed her case. The appellants then offered in evidence the record of the proceedings in the Court of Probate, to which, however, the plaintiff was not a party, under which the inquisition of lunacy above referred to was taken, whereby it appeared that said Elizabeth Knox was, on October 7, 1885, found to be a person of unsound mind, and that she had been in that condition for the preceding

thirty years.   In reply the plaintiff offered evidence for the purpose of showing that, at the time of the execution of the note sued on, the said Elizabeth Knox was competent to make the contract evidenced by said note.   To this testimony appellants objected upon the ground that such testimony was irrelevant and was not in reply, there being no such allegation in the complaint.   The Circuit Judge overruled the objection, and exception to such ruling was duly noted.

The jury were charged, amongst other things, that while the law presumes all persons to be of sound mind until the contrary appears, yet the effect of the record of the inquisition of lunacy was to shift the burden of proof on to the plaintiff, who must satisfy the jury, by the preponderance of the evidence, that Elizabeth Knox, at the time the note was executed, had such mental capacity as enabled her to understand the nature of the contract, and if so, she was bound by it.   The jury having found a verdict for the plaintiff, upon which judgment was entered, the defendants, Elizabeth Knox and Drennan, as her committee, appealed upon the three grounds set out in the record.

The first ground imputes error in overruling appellants' objection to the testimony offered by plaintiff in reply, tending to show that the said Elizabeth Knox was competent to contract at the time of the execution of the note.   It is contended that, in the absence of any allegation in the complaint to that effect, no issue was raised as to the correctness of the findings under the inquisition of lunacy, and therefore it was not competent to offer any evidence to impeach such findings.   It appears from the record of the Court of Probate, which was introduced in evidence by the appellants, that the proceedings in lunacy were commenced on September 20, 1884, several months after the date of the note, and there is no evidence tending to show that the plaintiff, at the time she took the note, had any knowledge of the lunacy of Elizabeth Knox, or even any notice that she was claimed to be a lunatic.   The allegation in the complaint that Elizabeth Knox had been adjudged a lunatic on October 7, 1885, more than a year after the execution of the note, cannot be regarded as even an implied admission that she was a lunatic when the note was signed.

But when the appellants in their answer did allege that the said Elizabeth Knox was not only adjudged to be a lunatic on October 7, 1885, but that she had also been adjudged to have been in that condition for thirty years next preceding the taking of the inquisition, which, of course, covered the date of the note, an issue was raised as to the capacity of Elizabeth at the time the note was signed. To maintain the issue thus presented by the answers of appellants, the record in the Court of Probate was offered in evidence by them; for we can conceive of no other purpose for which it could have been offered. The fact, alleged in the complaint, that the appellant, Elizabeth, had been adjudged a lunatic on October 7, 1885, afforded no evidence, not even a presumption, that she was incompetent to make a contract at the time of the date of the note; but the allegation in the answers that the finding of the inquisition also was that the said Elizabeth had been of unsound mind for a period extending over the date of the note, supported by the introduction of the record, would raise a presumption to that effect; though only a presumption which was susceptible of being rebutted.

It seems to us that the evidence objected to was clearly in reply, and if credited by the jury, was sufficient to rebut the presumption arising from the record introduced in evidence by the appellants. Until that record was offered in evidence, there was no occasion for the testimony in question, and it might then have been considered irrelevant. But after the record was offered in evidence, and a presumption was thereby raised that the appellant, Elizabeth, was incompetent to contract at the time the note was executed, it was clearly competent for the plaintiff to offer evidence to rebut such presumption. If the complaint had contained an allegation that the appellant, Elizabeth, had been adjudged to have been a lunatic for a period of time covering the date of the note, then there might be some force in the contention of appellants' counsel that, in the absence of any allegation in the complaint controverting the presumption raised by such adjudication, it would not be competent for the plaintiff to offer evidence rebutting such presumption. But there is no such allegation in the complaint. We only find it in the answers of these

appellants and in the evidence offered by them, to which the plaintiff clearly had the right to reply.

The second ground of appeal, based upon the alleged refusal to charge a request there set out, cannot, under the well settled rule of this court, be considered, for the reason that it does not appear in the "Case" that any such request was submitted to the Circuit Judge. But we may add that even if this ground was properly before us, it is apparent from the views herein expressed, that it could not be sustained.

It also follows from what we have said above, that the third ground of appeal cannot be sustained.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.